# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

November 12, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**JAMES LILLY,**
**Claimant Below, Petitioner**

**vs.)  No. 13-1055**  (BOR Appeal No. 2048346)
(Claim No. 2012011213)

**ALEX ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James Lilly, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alex Energy, Inc., by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 20, 2013, in which the Board affirmed an April 26, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 9, 2012, decision holding the claim compensable for sprains/strains of the ankle and foot, and denying compensability for the diagnoses of peroneal palsy of the left lower leg and deep vein thrombosis of the left lower extremity. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 27, 2011, Mr. Lilly filed a report of injury indicating that he injured his left knee and foot when he slipped and fell. An emergency medical services treatment note from the date of injury indicates that Mr. Lilly injured his left ankle when he slipped and fell in mud. Following the injury, Mr. Lilly sought treatment with Steven Vess, D.O. Dr. Vess initially diagnosed Mr. Lilly with a left ankle sprain/strain, and the claims administrator held the claim compensable for sprains/strains of the left ankle and foot on November 15, 2011. Dr. Vess later

1

diagnosed Mr. Lilly with peroneal nerve palsy of the left foot and deep vein thrombosis of the left lower extremity and attributed both conditions to the September 27, 2011, injury, which he believed to be a crush injury sustained in an underground roof fall rather than a slip-and-fall injury.

On January 5, 2012, Joseph Gray II, M.D., performed an independent medical evaluation and noted that Mr. Lilly reported sustaining a left ankle injury when he slipped and fell while walking in mud. Dean Steinman, D.O., performed a records review on July 8, 2012. He opined that Mr. Lilly's medical records indicate that he was injured on September 27, 2011, when he slipped and twisted his ankle. Dr. Steinman further opined that the weight of the evidence does not support the conclusion that Mr. Lilly developed deep vein thrombosis or peroneal nerve palsy as a result of the September 27, 2011, injury. On July 9, 2012, the claims administrator held that sprains/strains of the ankle and foot is a compensable component of the instant claim, and further held that peroneal palsy of the left lower leg and deep vein thrombosis of the left lower extremity are not compensable components of the instant claim.

In its Order affirming the July 9, 2012, claims administrator's decision, the Office of Judges held that a preponderance of the evidence fails to establish that the diagnoses of peroneal palsy of the left lower leg and deep vein thrombosis of the left lower extremity should be added as compensable components of the instant claim. Mr. Lilly disputes this finding and asserts that the evidence of record establishes that peroneal palsy of the left lower leg and deep vein thrombosis of the left lower extremity should be added as compensable components of the claim.

As was noted by the Office of Judges, Dr. Vess has been treating Mr. Lilly based upon his belief that Mr. Lilly was injured in an underground roof fall, and thereby sustained crush injuries to his left foot. Dr. Vess does not indicate in any of his treatment notes how he obtained his history of Mr. Lilly's injury. Despite Dr. Vess's continued description of Mr. Lilly's injury as a crush injury, Mr. Lilly reported in his application for workers' compensation benefits, to emergency medical technicians, and to Dr. Grady that he twisted his left ankle when he slipped and fell while walking in mud. Additionally, the Office of Judges found that Mr. Lilly reported sustaining two prior left ankle injuries, one of which was a crush injury that occurred when he dropped a battery on his left foot. The Office of Judges then concluded that Mr. Lilly has failed to demonstrate that the requested additional compensable components should be added to the instant claim. The Board of Review reached the same reasoned conclusions in its decision of September 20, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Brent D. Benjamin, Disqualified

3